IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00167-02-CR-W-NKL |
| MONIQUE M. HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On October 23, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I. BACKGROUND*

On June 23, 2009, a superseding information was filed charging defendant with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on October 23, 2009. Defendant was present, represented by James Brown. The government was represented by Assistant United States Attorney David Barnes. The proceedings were recorded and a transcript of the hearing was filed on October 23, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal Magistrate Judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that Magistrate Judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a Magistrate Judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a Magistrate Judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of *de novo* review by a District Judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a Magistrate Judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the Magistrate Judge's role. <u>Id.</u>

3

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1.  On June 23, 2009, a superseding indictment was returned charging defendant with one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Defendant understood the charge in the superseding indictment (Tr. at 4).

2.  The statutory penalty for the charged violation is up to 20 years in prison, a fine of up to $250,000, a supervised release term of not more than five years, a mandatory $100 special assessment, and possible restitution to the victim bank (Tr. at 4).

3.  Defendant was advised of the following:

    a.  That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

    b.  That she has the right to assistance of counsel throughout the trial (Tr. at 5);

    c.  That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 6);

4

       d.   That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

       e.   That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 5-6);

       f.   That defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 6); and

       g.   That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6-7).

4.   Defendant was informed and understood that by pleading guilty, she is giving up all of the rights described above (Tr. at 4-7, 16-17).

5.   Defendant was informed that during the change-of-plea proceeding, she would be placed under oath and questioned by counsel and the judge (Tr. at 7). Defendant was further informed that she must answer questions truthfully while under oath (Tr. at 7). Defendant stated that she understood (Tr. at 7).

6.   This was an open-file case, and defense counsel reviewed the government's file (Tr. at 7). Government counsel stated that its evidence would show that:

> On or about May 7, 2009, . . . the First Federal Bank . . . was robbed. . . . [T]he robber, Mr. Perkins, approached a

5

counter and asked for money, he made a demand for money. He did not have a weapon. He was not armed. In doing so he left his wallet at the counter and left. That wallet contained his Missouri driver's license and other identification in his true name, and as such, he was located relatively easily, along with Ms. Hernandez. Subsequent review of the security tapes indicated Mr. Perkins -- it memorialized Mr. Perkins in the bank performing the robbery. However, a review of a secondary tape that wasn't initially available when we first charged Mr. Perkins, indicated Ms. Hernandez in the bank casing the place, for lack of a better term, about five to six minutes before the bank was actually robbed. When Mr. Perkins was first indicted, Ms. Hernandez was arrested with him briefly. She was interviewed and initially denied any involvement in the robbery. So, at that point we just charged Mr. Perkins. When that second security tape became available, it was at that point that we superseded and added Ms. Hernandez to the mix. We would offer the testimony of the various eyewitnesses that would testify to both Ms. Hernandez's and Mr. Perkins' presence in the bank in May of 2009. We would offer testimony from the victim teller with regard to her fear, intimidation, her fear of violence with regard to Mr. Perkins. We would offer evidence of the amount of loss and we would offer evidence that the bank was, in fact, insured by the FDIC as required to establish federal jurisdiction, and that all of these things took place in the 4200 block of Blue Ridge, which is in the Western District of Missouri. . . . [S]he admitted being in the car while Mr. Perkins went in and actually did the robbery when she was initially contacted. She was arrested with Mr. Perkins with proceeds and new clothes, both for him and her. They were arrested in a hotel in the area immediately after the robbery when Mr. Perkins was identified via his identification and then a car associated with that identification was located. And then ultimately she was arrested based on the review of the tape that showed her looking around in the bank immediately before [Mr. Perkins entered the bank and robbed it].

(Tr. at 8-10.

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were

6

as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 7-8).

8. Defendant was placed under oath (Tr. at 10) and admitted the following: She entered the bank to find out if there was a bank guard, she did that and reported back to Mr. Perkins, she waited in the car while Mr. Perkins entered the bank and robbed it, and she received some of the proceeds of the bank robbery (Tr. at 14-15). Defendant knew that Mr. Perkins was going to rob the bank, she knew that was wrong, she knew he would have to use some sort of force or intimidation in order to get the money, and she does not dispute that the bank is insured by the FDIC (Tr. at 10-13).

9. Defendant is aware there is no plea agreement (Tr. at 13).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 13-14).

11. Defendant is satisfied with the advice and guidance she has received from Mr. Brown (Tr. at 14). There is nothing Mr. Brown has done that defendant did not want him to do, and there is nothing she wanted Mr. Brown to do that Mr. Brown has not done (Tr. at 14).

12. Defendant is 42 years of age (Tr. at 14). She has a high school diploma and one year of college (Tr. at 14). She has no mental health concerns as long as she takes her medication, and she was compliant with her medication at the time of the

7

change-of-plea hearing (Tr. at 15-16). She was not under the influence of any alcohol or drug that would affect her ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 16).

13. Defendant tendered a plea of guilty to the crime charged in this superseding indictment (Tr. at 18).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for bank robbery are:

(1) the defendant took money from the person of another while that money was in the care or custody of the First Federal Bank;

(2) such taking was by force and violence or intimidation; and

(3) the deposits of the First Federal Bank were then insured by the FDIC.

Eighth Circuit Model Criminal Jury Instruction 6.18.2113A.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this superseding indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

Objections to this Report and Recommendation shall be served and filed by October 29, 2009.

                                                  */s/ Robert E. Larsen*
                                                  ROBERT E. LARSEN
                                                  United States Magistrate Judge

Kansas City, Missouri
October 27, 2009